UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND, and HOWARD MCDOUGALL, Trustee, | ) | |
| Plaintiffs, | ) | Case No. FILED: MAY 28, 2008 08CV3078 J. N. |
| vs. | ) | Judge JUDGE DER-YEGHIAYAN MAG. JUDGE KEYS |
| John R. Concrete & Supply Company f/k/a John R. Fuel & Supply Company, a Michigan corporation, and John R. Sand & Gravel Company, a Michigan corporation, | ) | |
| Defendants. | ) | |

## COMPLAINT

Plaintiffs, Central States, Southeast and Southwest Areas Pension Fund and Howard McDougall, one of its present Trustees (collectively "the Pension Fund") for their causes of action against the Defendants, John R. Concrete & Supply Company f/k/a John R. Fuel & Supply Company, a Michigan corporation, and John R. Sand & Gravel Company, a Michigan corporation, allege as follows:

## JURISDICTION AND VENUE

1. This is an action for collection of withdrawal liability, interest, and penalties incurred by an employer as a result of a withdrawal from the Pension Fund.

2. This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA") as amended by the Multiemployer Pension Plan Amendments Act of 1980,

29 U.S.C. §1001 et seq. (1982). This Court has jurisdiction over this action under sections 502(e), 502(f), and 4301(c) of ERISA, 29 U.S.C. §§1132(e), 1132(f) and 1451(c).

3. Venue lies in this Court under sections 502(e)(2) and 4301(d) of ERISA, 29 U.S.C. §§1132(e)(2) and 1451(d), in that the Pension Fund is administered at its principal place of business located in Rosemont, Illinois.

**PARTIES**

4. Plaintiff Pension Fund is a multiemployer pension plan within the meaning of sections 3(37) and 4001(a)(3) of ERISA, 29 U.S.C. §§1002(37) and 1301(a)(3), and an employee benefit plan within the meaning of section 3(3) of ERISA, 29 U.S.C. § 1002(3). Plaintiff Trustees are the present trustees of the Pension Fund and are collectively the plan sponsor of the Pension Fund within the meaning of section 4001(a)(10)(A) of ERISA, 29 U.S.C. §1301(a)(10)(A). The Trustees administer the Pension Fund at 9377 West Higgins Road, Rosemont, Illinois 60018.

5. Pursuant to sections 502(a)(3) and 4301(a)(1) of ERISA, 29 U.S.C. §§1132(a)(3) and 1451(a)(1), the Trustees are authorized to bring this action on behalf of the Pension Fund, its participants and beneficiaries for the purpose of collecting withdrawal liability.

6. Defendant John R. Concrete & Supply Company f/k/a John R. Fuel & Supply Company, a Michigan corporation ("JRCSC") is a Michigan corporation with its principal place of business located in the State of Michigan.

7. John R. Sand & Gravel Company ("JRSGC") is a Michigan corporation, with its principal place of business located in the State of Michigan.

8. The Edward W. Evatz II Revocable Trust u/t/a dated March 23, 2005 (the "Trust") is a Michigan Trust with its principal place of business located in the State of Michigan.

**CLAIM FOR RELIEF**

9. JRCSC was subject to collective bargaining agreements executed between itself and a Local Union affiliated with the International Brotherhood of Teamsters ("IBT") under which it was required to make contributions to the Pension Fund on behalf of certain of it employees.

10. At all times relevant hereto, the Trust owned 86.4% of the stock of JRCSC.

11. At all times relevant hereto, the Trust owned 100% of the stock of JRSGC.

12. Pursuant to 26 C.F.R. § 1.414(c)-2(c), JRCSC and JRSGC constitute a brother-sister control group.

13. JRCSC and JRSGC, and all other trades or businesses under common control with them (the "Trust Controlled Group") constitute a single employer within the meaning of section 4001(b)(1) of ERISA, 29 U.S.C. § 1301(b)(1), and the regulations promulgated thereunder.

14. The Trust Controlled Group is the "employer" for purposes of the determination and assessment of withdrawal liability under Title IV of ERISA.

15. The Pension Fund has determined that on or about December 9, 2006, JRCSC permanently ceased to have an obligation to contribute to the Pension Fund, and thereafter, no member of the Trust Controlled Group was contributing or obligated to contribute to the Pension Fund.

16. The Pension Fund determined that the Trust Controlled Group effected a "complete withdrawal" from the Pension Fund within the meaning of section 4203 of ERISA, 29 U.S.C. §1383.

17. As a result of this complete withdrawal, all individuals and entities constituting the Trust Controlled Group, including Defendants, incurred withdrawal liability to the Pension Fund in the amount of $317,348.25, as determined under section 4201(b) of ERISA, 29 U.S.C. §1381(b).

18. On or about August 17, 2007, the Trust Controlled Group, through JRCSC, received a notice and demand for payment of withdrawal liability issued by the Pension Fund in accordance with sections 4202(2) and 4219(b)(1) of ERISA, 29 U.S.C. §§ 1382(2) and 1399(b)(1).

19. On or about September 19, 2007, the Trust Controlled Group, through JRCSC, received a notice from the Pension Fund, pursuant to Section 4219(c)(5)(A) of ERISA, 29 U.S.C. § 1399(c)(5)(A), that its withdrawal liability payments were past due, and which forewarned the Trust Controlled Group of the consequences of its failure to pay such liability.

20. On or about January 21, 2008, the Trust Controlled Group, through JRCSC, received a revised notice and demand for payment of withdrawal liability issued by the Pension Fund in accordance with sections 4202(2) and 4219(b)(1) of ERISA, 29 U.S.C. §§ 1382(2) and 1399(b)(1).

21. On November 13, 2007, JRCSC requested review of the assessment, contending that it was entitled to the building and construction industry exemption set forth in ERISA Section 4203(b).

22. On April 2, 2008, JRCSC received the Trustees' response to JRCSC's request for review in which the Trustees rejected JRCSC's position and reaffirmed the assessment.

23. The Trust Controlled Group did not timely initiate arbitration pursuant to section 4221(a)(1) of ERISA, 29 U.S.C. § 1401(a)(1). Consequently, the amounts demanded by the Pension Fund are due and owing pursuant to section 4221(b)(1) of ERISA, 29 U.S.C. § 1401(b)(1).

24. The members of the Trust Controlled Group, including Defendants JRCSC and JRSGC, have failed to make the withdrawal liability payments to the Pension Fund and are in default within the meaning of section 4219(c)(5) of ERISA, 29 U.S.C. §1399(c)(5).

25. Defendants John R. Concrete & Supply Company f/k/a John R. Fuel & Supply Company, and John R. Sand & Gravel Company are jointly and severally liable for the withdrawal liability incurred by the Trust Controlled Group.

WHEREFORE, Plaintiffs request the following relief:

(a) A judgment against the Defendants, and on behalf of Plaintiffs, pursuant to section 502(g) of ERISA, 29 U.S.C. § 1132(g)(2), for --

(i) $317,348.25 in withdrawal liability principal;

(ii) pre-judgment interest on the entire amount of the withdrawal liability assessment computed and charged at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by Chase Manhattan Bank (New York, New York) for the fifteenth (15th) day of the month for which the interest is charged;

(iii) an amount equal to the greater of the interest on the withdrawal liability or liquidated damages of 20% of the unpaid withdrawal liability;

(iv) attorney's fees and costs; and

(v) post-judgment interest computed and charged at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by Chase Manhattan Bank (New York, New York) for the fifteenth (15th) day of the month for which the interest is charged, compounded annually;

(b) That this Court retain jurisdiction of this cause and of the parties hereto pending compliance with its orders; and

(c) For such further or different relief as this Court may deem proper and just.

Respectfully submitted,

/s/ Cathy L. Rath

Cathy L. Rath (ARDC #6275744)
Attorney for Plaintiff
Central States, Southeast and
Southwest Areas Pension Fund
9377 West Higgins Road
Rosemont, Illinois 60018-4938
(847) 518-9800, Ext. 2343

May 28, 2008