UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |  |
|---|---|---|
| CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND and HOWARD MCDOUGALL, Trustee, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. 08-CV3078 Hon. Judge Der-Yeghiayan |
| vs. | ) ) | Mag. Judge Keys |
| JOHN R. CONCRETE & SUPPLY COMPANY f/k/a JOHN R. FUEL COMPANY, a Michigan Corporation and JOHN R. SAND & GRAVEL COMPANY, a Michigan Corporation, | ) ) ) ) ) | |
| Defendants. | ) | |

**NOTICE OF MOTION**

To:    Cathy L. Rath
       Attorney for Plaintiffs
       Central States, Southeast and
       Southwest Areas Pension Fund
       9377 West Higgins Road
       Rosemont, IL  60018-4938

PLEASE TAKE NOTICE that on Tuesday, July 29, 2008, at the hour of 9:00 a.m.

or as soon as counsel may be heard, Defendants' attorney will appear before the

Honorable Samuel Der-Yeghiayan, Judge of the United States District Court of the

Northern District of Illinois, located at 219 South Dearborn Street, Room 1903, Chicago,

Illinois, or such other Judge as may be sitting in his stead, and present the attached

Defendant's Motion to Transfer case, which presentment you have stipulated and agreed

to, a copy of which was served upon you July 18, 2008 and is attached hereto.

Respectfully submitted:

/s/Gavin J. Fleming
Gavin J. Fleming (ARDC #06281396)
Attorney for Defendants
30665 Northwestern Highway, Suite 100
Farmington Hills, Michigan 48334
(248) 932-1101
gfleming@bealshubbard.com

Dated: July 25, 2008.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 18, 2008, I electronically filed and served the Motion to Transfer Venue and on July 25, 2008, I electronically filed the NOTICE OF MOTION with the Clerk of the Court for the Northern District of Illinois using the ECF system which will send notification of such filing to the following registered participants of the ECF system as listed on the Court's Notice of Electronic Filing.

By: <u>/s/ Leisanne Smeadala</u>
Leisanne Smeadala
Legal Assistant
Beals Hubbard, PLC
30665 Northwestern Hwy.,
Ste. 100
Farmington Hills, MI  48334
(248) 932-1101
lsmeadala@bealshubbard.com

Dated: July 25, 2008

John R Sands

## Motions

1:08-cv-03078 Central States, Southeast and Southwest Areas Pension Fund et al v. John R.
Concrete & Supply Company et al

KEYS

### United States District Court

#### Northern District of Illinois - CM/ECF LIVE, Ver 3.2.1

### Notice of Electronic Filing

The following transaction was entered by Fleming, Gavin on 7/18/2008 at 2:22 PM CDT and filed on 7/18/2008

| | |
|---|---|
| **Case Name:** | Central States, Southeast and Southwest Areas Pension Fund et al v. John R. Concrete & Supply Company et al |
| **Case Number:** | 1:08-cv-3078 |
| **Filer:** | John R. Concrete & Supply Company |
| | John R. Sand & Gravel Company |
| **Document Number:** | 13 |

**Docket Text:**
**MOTION by Defendants John R. Concrete & Supply Company, John R. Sand & Gravel Company to transfer case *and Brief in Support* (Attachments: # (1) Affidavit of Michael Evatz)(Fleming, Gavin)**

**1:08-cv-3078 Notice has been electronically mailed to:**

Gavin John Fleming    gfleming@bealshubbard.com

Rebecca Kate McMahon    rmcmahon@centralstatesfunds.org

Cathy L Rath    crath@centralstates.org, lawclerk@centralstatesfunds.org

Timothy Craig Reuter    treuter@centralstatesfunds.org, lawclerk@centralstatesfunds.org

**1:08-cv-3078 Notice has been delivered by other means to:**

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1040059490 [Date=7/18/2008] [FileNumber=5022156-0
] [60ecb7e99f599ac2b967420f63d88896bd1405388f6c13b372cffcf27b7b42210cf

38e4323d976643b82da830610542d4eb1d27e30770d9c2535f3c6dc99f1fe]]
**Document description:**Affidavit of Michael Evatz
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1040059490 [Date=7/18/2008] [FileNumber=5022156-1
] [9bde10c274ff411c317a249ffd13bad69b57cd6a4e24893301 1ace11c277c02ff42
7e250650bc05604ee397a7bc98a4d93a32acb53954f95806ae248fe1542d7]]

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CENTRAL STATES, SOUTHEAST<br>AND SOUTHWEST AREAS PENSION<br>FUND and HOWARD MCDOUGALL,<br>Trustee, | ) <br> ) <br> ) <br> ) <br> ) | |
| Plaintiffs, | ) <br> ) | Case No. 08-CV3078<br>Hon. Judge Der-Yeghiayan |
| vs. | ) <br> ) | Mag. Judge Keys |
| JOHN R. CONCRETE & SUPPLY COMPANY<br>f/k/a JOHN R. FUEL COMPANY, a Michigan<br>Corporation and JOHN R. SAND & GRAVEL<br>COMPANY, a Michigan Corporation, | ) <br> ) <br> ) <br> ) <br> ) | |
| Defendants. | ) <br> ) | |

## DEFENDANTS' MOTION TO TRANSFER THIS MATTER TO THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN, SOUTHERN DIVISION

John R. Concrete & Supply Company and John R. Sand & Gravel Company, by and through their attorney, Gavin J. Fleming, states as follows for their Motion to Transfer Venue to the United States District Court for the Eastern District of Michigan under 28 U.S.C.A § 1404(a):

1.      As set forth in detail in their Brief in Support of their Motion to Transfer, because the United States District Court for the Eastern District of Michigan is a proper venue and a clearly more convenient forum, this action should be transferred.

2.      Moreover, the interests of justice favor transfer of this case.

WHEREFORE, John R. Concrete & Supply Company and John R. Concrete & Gravel Company respectfully request that this Honorable Court transfer this case to the United States District Court for the Eastern District of Michigan.

BEALS HUBBARD, P.L.C.
ATTORNEYS & COUNSELORS
30665 Northwestern Highway
Suite 100
Farmington Hills, Michigan 48334
Telephone: 248-932-1101

Respectfully submitted:

/s/Gavin J. Fleming
Gavin J. Fleming (ARDC #06281396)
Attorney for Defendants
30665 Northwestern Highway, Suite 100
Farmington Hills, Michigan 48334
(248) 932-1101
gfleming@bealshubbard.com

Dated: July 18, 2008.

BEALS HUBBARD, P.L.C.
ATTORNEYS & COUNSELORS
30665 Northwestern Highway
Suite 100
Farmington Hills, Michigan 48334

Telephone: 248-932-1101

2

## CERTIFICATE OF SERVICE

I hereby certify that on July 16, 2008, I electronically filed the DEFENDANTS' MOTION TO TRANSFER THIS MATTER TO THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN, SOUTHERN DIVISION with the Clerk of the Court for the Northern District of Illinois using the ECF system which will send notification of such filing to the following registered participants of the ECF system as listed on the Court's Notice of Electronic Filing.

> By: /s/ Leisanne Smeadala
> Leisanne Smeadala
> Legal Assistant
> Beals Hubbard, PLC
> 30665 Northwestern Hwy., Ste. 100
> Farmington Hills, MI  48334
> (248) 932-1101
> lsmeadala@bealshubbard.com

Dated: July 18, 2008

BEALS HUBBARD, P.L.C.
ATTORNEYS & COUNSELORS
30665 Northwestern Highway
Suite 100
Farmington Hills, Michigan 48334
Telephone: 248-932-1101

3

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND and HOWARD MCDOUGALL, Trustee, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. 08-CV3078 Hon. Judge Der-Yeghiayan |
| vs. | ) ) | Mag. Judge Keys |
| JOHN R. CONCRETE & SUPPLY COMPANY f/k/a JOHN R. FUEL COMPANY, a Michigan Corporation and JOHN R. SAND & GRAVEL COMPANY, a Michigan Corporation, | ) ) ) ) ) | |
| Defendants. | ) | |

**DEFENDANTS' BRIEF IN SUPPORT OF THEIR MOTION TO TRANSFER THIS MATTER TO THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN, SOUTHERN DIVISION**

## I.    INTRODUCTION

This action arises from John R. Concrete & Supply Company's ("John R. Concrete's"), a

Michigan Corporation's. execution of a collective bargaining agreement (the "Agreement") with

a Michigan union related to work to be performed for John R. Concrete in the state of Michigan.

According to Plaintiff, the Agreement required John R. Concrete to make contributions to a

pension fund and employee benefit plan.  Because John R. Concrete allegedly withdrew from the

pension fund and employee benefit plan, Plaintiff brought this action under the Employee

Retirement Income Security Act of 1974 ("ERISA") as amended by the Multiemployer Pension

Plan Amendments Act of 1980, 29 U.S.C. §1001, *et seq.*

**BEALS HUBBARD, P.L.C.**
ATTORNEYS & COUNSELORS
30665 Northwestern Highway
Suite 100
Farmington Hills, Michigan 48334
Telephone: 248-932-1101

Plaintiff also sued a non-signatory to the Agreement, John R. Sand & Gravel ("John R. Sand & Gravel"), under the theory that John R. Concrete and John R. Sand & Gravel comprise a brother-sister control group and therefore are a single employer under ERISA. John R. Sand & Gravel disputes this allegation in its entirety.

Plaintiff's choice of forum is premised on 29 U.S.C. §§ 1132(e) and 1451(d), which provide that venue may be proper in the district in which the Plaintiff administers the pension fund and employee benefit plan. John R. Concrete and John R. Sand & Gravel now move under 28 U.S.C.A. § 1404(a) to transfer this case to the United States District Court for the Eastern District of Michigan to protect the litigants and witnesses from unnecessary inconvenience and expense. As noted below, because: John R. Sand & Gravel and John R. Concrete are located and do business in Michigan; the alleged plan beneficiaries reside in Michigan; all relevant documents related to Plaintiff's claims, including the documents necessary to prove that John R. Sand & Gravel and John R. Concrete are a single employer are located in Michigan, the case should be moved to the United States District Court for the Eastern District of Michigan. And, given that the expense of litigating this case in Chicago would be tremendous. Plaintiff is capable of retaining outside counsel to litigate the case in Michigan; and the case involves only questions of federal law. this case should be transferred to the Eastern District of Michigan.

## II.    RELEVANT FACTUAL BACKGROUND

John R. Concrete and John R. Sand & Gravel are family-owned, closely held Michigan businesses. John R. Concrete was in the business of manufacturing concrete, but has not done any business since January, 2007. Over a period of years, John R. Concrete executed numerous collective bargaining agreements with the local Michigan union at issue in this case. The union is comprised solely of Michigan residents. *See* Affidavit of M. Evatz at ¶¶ 6-7, Ex. A. The

BEALS HUBBARD, P.L.C.
ATTORNEYS & COUNSELORS
30665 Northwestern Highway
Suite 100
Farmington Hills, Michigan 48334
Telephone: 248-932-1101

2

Agreement related to the work that John R. Concrete's employee's performed for John R. Concrete in Michigan.

John R. Sand & Gravel owns and operates a sand and gravel pit in Lapeer County, Michigan. John R. Sand & Gravel did not sign the Agreement and has no role whatsoever in the business affairs of John R. Concrete. Indeed, John R. Sand & Gravel has no control whatsoever over John R. Concrete's unionized labor force. Put another way, aside from sharing some common owners—the Edward W. Evatz II Trust (a Michigan Trust)—John R. Sand & Gravel and John R. Concrete are separate and distinct businesses for the purposes of this lawsuit.

The books and records for both businesses are located in Macomb County and Oakland County, Michigan. *See id.* at ¶ 10, Ex. A. The principals of the businesses also reside in Macomb County, Michigan. *See id.* at ¶ 11, Ex. A.

The Edward Evatz II Trust (the "Trust") is also administered and has its principal place of business in Michigan. All books and records of the business are located in Michigan and the trustee of the Trust resides in Michigan.

The only connection this case has with Illinois is that Plaintiff administers the pension and employee benefit plans in Rosemont, Illinois and thus it is cost-effective for Plaintiff to litigate this case in the Northern District.

### III.    ARGUMENT

#### A.    Applicable Law—28 U.S.C.A 1404(a).

Section 1404 reflects Congresses decision to codify and revise the common law doctrine of forum non conveniens. *See Van Dusen v. Barrack*, 376 U.S. 612, 617 n.4, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964). "Section 1404(a) reflects and increased desire to have federal civil suits tried in the federal system at the place called for in the particular case by considerations of

BEALS HUBBARD, P.L.C.
ATTORNEYS & COUNSELORS
30665 Northwestern Highway
Suite 100
Farmington Hills, Michigan 48334
Telephone: 248-932-1101

3

convenience and justice." *Id.* at 616. More specifically, "[t]he purpose of the section is to prevent waste of time, energy and money and to protect litigantss and the public against unnecessary inconvenience and expense." *Id.* (internal quotation marks and citations omitted). Thus, Section 1404(a) empowers a district court to transfer a case to another district so long as the proposed district is a place where the action "might have been brought." *See id.*

In the Seventh Circuit, the moving party has the burden of showing that "the transferee forum is clearly more convenient" and that the "interests of justice" require that the case be transferred. *See Heller Financial, Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1293 (7th Cir. 1989). The convenience prong includes such concerns as the location of witnesses and documents, the cost and expense of litigating in the present forum and the amenability of witnesses to process. *See id.* at 1293. The interests of justice prong requires the Court to consider factors such as, the need for speedy trials, the preference that related litigation together and the necessity of having a judge who is familiar with the applicable law try the case. *See id.*

As noted below, the transferee forum is clearly more convenient and the interests of justice support the transfer of this case.

**B.    The Eastern District of Michigan is Clearly a More Convenient Forum Than the Northern District of Illinois.**

1.    The United States District Court for the Eastern District of Michigan is a Proper Forum.

The United States District Court for the Eastern District of Michigan has jurisdiction over the parties. Given Plaintiff's contacts with the Michigan chapters of the labor unions it services, Plaintiff has sufficient minimum contacts with the Eastern District of Michigan such that asking Plaintiff to appear in Court in Michigan would not offend traditional notions of fair play or

BEALS HUBBARD, P.L.C.
ATTORNEYS & COUNSELORS
30665 Northwestern Highway
Suite 100
Farmington Hills, Michigan 48334
Telephone: 248-932-1101

4

substantial justice. *See, e.g., International Shoe v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 161 90 L.Ed. 95 (1945).

Further, venue is proper in the Eastern District of Michigan. Under ERISA, venue is proper where "any defendant resides." *See* 29 U.S.C. §§ 1132(e). Because John R. Concrete resides in the Eastern District of Michigan, venue would therefore be proper in the Eastern District.

        2.      The Vast Majority of Witnesses and Documentary Evidence are Located in Michigan.

The only connection this matter has to Chicago is that Plaintiff administers the plan in the Northern District. Plaintiff, however, cannot dispute the fact that the majority of the witnesses and documentary evidence are located in Michigan. *See* Affidavit of M. Evatz at ¶¶ 6, 9, Ex. A. Consequently, this factor favors transferring the case to the Eastern District of Michigan.

Transferring this case to the United States District Court for the Eastern District of Michigan would be, on balance, more convenient for the parties and potential witnesses. As noted above, all of the relevant principals, employees, agents and independent contractors of John R. Concrete and John R. Stone & Gravel reside in Michigan. For example: John R. Concrete and John R. Stone & Gravel's books and records are located in Michigan, *see id.* at ¶ 10, Ex. A; the Trust is administered in Michigan and all its books and records, including those books and records related to Plaintiff, are located within the state; and John R. Concrete and John R. Sand & Gravel's principals, directors and officers reside in the state of Michigan, *see id.* at ¶ 2, 11. Ex. A; and the union members at issue reside in Michigan, *see id.* at ¶ 8, Ex. A. Given the legion of individuals and documentary evidence that reside in the state of Michigan, it would be extremely disruptive, difficult and expensive to litigate this case in Chicago.

BEALS HUBBARD, P.L.C.
ATTORNEYS & COUNSELORS
30665 Northwestern Highway
Suite 100
Farmington Hills, Michigan 48334
Telephone: 248-932-1101

Indeed, the gravaman of Plaintiff's case against John R. Sand & Gravel requires proof that John R. Sand & Gravel and John R. Concrete comprise a "single employer" for ERISA purposes. As the Court is aware, the Plaintiff must establish that John R. Sand & Gravel is an employer under ERISA, which is not automatic by any means. *See, e.g., Refined Sugars, Inc. v. Local 807 Labor-Management Pension Fund*, 623 F. Supp. 630 (S.D.N.Y. 1986) (In this withdrawal liability case, Plaintiff failed to establish with sufficient evidence that a joint-employer relationship existed because the trustees of the fund could not show that a sugar refiner had any meaningful control over the labor relations of a trucking company.) Assuming Plaintiff survives a Motion for Summary Judgment, Plaintiff will have to conduct extensive discovery, including depositions, in order to show that John R. Sand & Gravel had control over the labor relations of John R. Concrete. All of this discovery will have to take place in Michigan because all the witnesses and evidence are located in Michigan.

   3.   Given the Limitations of this Court's Subpoena Power, it will be Difficult to Procure the Attendance of Witnesses for Trial.

Discovery and trial will be complicated by the fact that the Court's subpoena power will not stretch to the Eastern District of Michigan. *See, e.g.,* Fed. R. Civ. P. 45(c)(3)(B)(iii) (permitting a person to quash a subpoena who is not a party or a party's officer when they would incur substantial expense to travel 100 miles to attend trial). Given the cost of a flight to Chicago or the ominous proposition of driving to Chicago, the parties will be hard pressed to ensure that many witnesses will be available for trial.

On the other hand, if this Court transfers the case to the Eastern District of Michigan, this problem disappears. Indeed, only Plaintiff's employees would have to travel to Michigan whereas if this case remains in the Northern District countless witnesses will be forced to travel to Chicago.

BEALS HUBBARD, P.L.C.
ATTORNEYS & COUNSELORS
30665 Northwestern Highway
Suite 100
Farmington Hills, Michigan 48334
Telephone: 248-932-1101

4. Given that John R. Concrete and John R. Sand & Gravel are Closely-Held, Family Owned Businesses Headquartered in Michigan, Litigating the Case in Illinois Would be Extremely Difficult.

John R. Sand & Gravel and John R. Concrete are headquartered in Macomb County, Michigan. Both businesses are family owned and rely on their family member-principals to operate the businesses on a day to day basis. *See* Affidavit of M. Evatz at ¶ 11, Ex. A. These businesses do not have anything like the infrastructure Plaintiff has. Consequently, requiring their principals to appear for depositions and court hearings in Chicago would unnecessarily disrupt their business operations.

5. Because This Case Involves Only Issues of Federal law, the United States District Court for the Eastern District of Michigan is Equally Capable of Presiding Over This Case.

It is axiomatic that all Federal Courts are capable of applying and interpreting Federal laws. At this time, there are no pendent state law claims in this case or attendant choice-of-law issues; rather, this case is premised exclusively on ERISA. This factor therefore favors transferring the case to the Eastern District of Michigan.

**C. It is in the "Interests of Justice" to Transfer the Case to the Eastern District of Michigan.**

If the case is transferred to the Eastern District, ultimately the case will be resolved faster than it would be in the Northern District of Illinois. Specifically, the time necessary for coordinating discovery, documentary evidence and witness attendance at trial will be greatly reduced. Consequently, transferring this case to the Eastern District of Michigan is in the interests of justice.

**IV. CONCLUSION**

Based on the foregoing, John R. Concrete and John R. Sand respectfully request that this Court transfer this case to the United States District Court for the Eastern District of Michigan.

BEALS HUBBARD, P.L.C.
ATTORNEYS & COUNSELORS
30665 Northwestern Highway
Suite 100
Farmington Hills, Michigan 48334
Telephone: 248-932-1101

7

Respectfully submitted:

/s/Gavin J. Fleming
Gavin J. Fleming (ARDC #06281396)
Attorney for Defendants
30665 Northwestern Highway, Suite 100
Farmington Hills, Michigan 48334
(248) 932-1101
gfleming@bealshubbard.com

Dated: July 18, 2008.

BEALS HUBBARD, P.L.C.
ATTORNEYS & COUNSELORS
30665 Northwestern Highway
Suite 100
Farmington Hills, Michigan 48334

Telephone: 248-932-1101

8

**CERTIFICATE OF SERVICE**

I hereby certify that on July 16, 2008, I electronically filed the DEFENDANTS' BRIEF IN SUPPORT OF THEIR MOTION TO TRANSFER THIS MATTER TO THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN, SOUTHERN DIVISION with the Clerk of the Court for the Northern District of Illinois using the ECF system which will send notification of such filing to the following registered participants of the ECF system as listed on the Court's Notice of Electronic Filing.

By: /s/ Leisanne Smeadala
Leisanne Smeadala
Legal Assistant
Beals Hubbard, PLC
30665 Northwestern Hwy., Ste. 100
Farmington Hills, MI 48334
(248) 932-1101
lsmeadala@bealshubbard.com

Dated: July 18, 2008

BEALS HUBBARD, P.L.C.
ATTORNEYS & COUNSELORS
30665 Northwestern Highway
Suite 100
Farmington Hills, Michigan 48334

Telephone: 248-932-1101

9

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND and HOWARD MCDOUGALL, Trustee,<br><br>                    Plaintiffs,<br><br>          vs.<br><br>JOHN R. CONCRETE & SUPPLY COMPANY f/k/a JOHN R. FUEL COMPANY, a Michigan Corporation and JOHN R. SAND & GRAVEL COMPANY, a Michigan Corporation,<br><br>                    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 08-CV3078<br>Hon. Judge Der-Yeghiayan<br>Mag. Judge Keys |

## AFFIDAVIT OF MICHAEL EVATZ

Michael Evatz being duly sworn, deposes and states as follows:

1.      I have personal knowledge of the facts and circumstances of this case and I am competent to testify thereto if called as a witness in this matter.

2.      I am the secretary of John R. Concrete & Supply Company f/k/a John R. Fuel Company and John R. Sand & Gravel Company and reside in Michigan.

3.      John R. Concrete & Supply Company was a concrete manufacturing business that was located in Macomb County, Michigan and did business in the state of Michigan only.

4.      John R. Sand & Gravel Company is a gravel supply company that does business in Lapeer County, Michigan only.

5.      Neither John R. Concrete & Supply Company nor John R. Sand & Gravel Company conducts any business outside the state of Michigan.

6.      John R. Concrete & Supply Company employed various truck drivers, dispatchers and machine operators who were members of the Michigan chapter of the International Brotherhood of Teamsters.

7.      To the best of my knowledge and recollection, every single former employee of John R. Concrete & Supply Company resides in Michigan.

8.      The books and records of John R. Concrete & Supply Company related to this case are located exclusively in the state of Michigan.

9.      The attorneys and accountants who advised John R. Concrete & Supply Company regarding its contributions to Plaintiff reside and work in the state of Michigan.

10.     The books and records of John R. Sand & Gravel Company related to Plaintiff's allegation that John R. Sand & Gravel Company and John R. Concrete & Supply Company constitute a single employer under the Employee Retirement Income Security Act are located exclusively in the state of Michigan.

11.     John R. Sand & Gravel Company and John R. Concrete & Supply Company are family owned, closely held Michigan businesses; the principals of both businesses reside in Michigan.

12.     Forcing the principals to litigate this case in Chicago would be extremely disruptive to the winding down of John R. Concrete & Supply Company and the operation of John R. Sand & Gravel Company.

13.     Specifically, if this case is permitted to proceed in the Northern District of Illinois, both businesses will be put to significant inconvenience and hardship by being forced to travel to Chicago for court hearings, depositions and trial and retain a Chicago law firm to defend them in this action.

14.    If this case is transferred to the United States District Court for the Eastern

District of Michigan. it would be more convenient for the parties and witnesses.

FURTHER AFFIANT SAYETH NOT.

Michael Evatz

. Subscribed and sworn before me
on this 17th day of July, 2008
in the County of Oakland,
State of Michigan.

LEISANNE MARIE SMEADALA
NOTARY PUBLIC, STATE OF MI
COUNTY OF WAYNE
MY COMMISSION EXPIRES Nov 16, 2013
ACTING IN COUNTY OF