UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CENTRAL STATES, SOUTHEAST ) <br> AND SOUTHWEST AREAS PENSION ) <br> FUND and HOWARD MCDOUGALL, ) <br> Trustee, ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> JOHN R. CONCRETE & SUPPLY COMPANY ) <br> f/k/a JOHN R. FUEL COMPANY, a Michigan ) <br> Corporation and JOHN R. SAND & GRAVEL ) <br> COMPANY, a Michigan Corporation, ) <br> ) <br> Defendants. ) | Case No. 08-CV3078 <br> Hon. Judge Der-Yeghiayan <br> Mag. Judge Keys |

**DEFENDANTS' REPLY BRIEF IN SUPPORT OF THEIR MOTION TO TRANSFER THIS MATTER TO THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN, SOUTHERN DIVISION**

**I.   INTRODUCTION**

Contrary to the arguments made in Plaintiffs' Response, this case should not be decided by way of a motion for summary judgment. Rather, this case must proceed through discovery in order for Plaintiff to prove that John R. Concrete and John R. Sand & Gravel comprise a brother-sister control group and therefore are a single employer under ERISA. Because discovery is necessary, the arguments made in Defendants' Motion to Transfer are viable and should convince this Court to transfer this case to the Eastern District of Michigan. Simply put, Defendants' Motion should be granted.

## II.     ARGUMENT

### A.     The Trust Agreement Does not Foreclose Transferring This Case.

Plaintiffs' first relevant argument against transfer of this case is that the Trust Agreement John R. Concrete executed forecloses moving the case to Detroit. Plaintiffs' argument fails.

At the outset, the Trust Agreement is not dispositive of Defendants' Motion. In this case, Defendants have made a showing that the Eastern District of Michigan is more convenient for all parties and that the interests of justice shall be served by transferring the case. Plaintiffs have cited no authority suggesting that the Trust Agreement overrides the arguments Defendants made.

Furthermore, Plaintiffs cannot bind John R. Sand to a contract executed by John R. Concrete. Because Plaintiffs acknowledge that John R. Sand is a non-signatory to the Trust Agreement, John R. Sand is not bound by its terms.

### B.     The Convenience Factors Support Transferring the Case.

While Plaintiffs choice of forum is entitled to substantial deference, it does not override the legitimate arguments that Defendants set forth. As noted in the affidavit of Michael Evatz, the small businesses that are the subject of this litigation are owned and operated by a small family. These individuals simply do not have the funds available to litigate the case in this District. And while Plaintiffs correctly note that John R. Concrete is winding down its operations, this fact nonetheless requires Mr. Evatz's daily attention to matters related to the company's cessation of operations.

Further, Defendants retention of counsel licensed to practice in the Northern District was necessitated by the fact that Plaintiffs' refused to consent to transfer of the case to the Eastern

District of Michigan.  Defendants' counsel is also a Michigan resident who primarily practices law in Michigan while maintaining an Illinois license.

Contrary to Plaintiffs' claims, transferring this case to the United States District Court for the Eastern District of Michigan would be, on balance, more convenient for potential witnesses.  As noted above, all of the relevant principals, employees, agents and independent contractors of John R. Concrete and John R. Stone & Gravel reside in Michigan.  Indeed, John R. Concrete and John R. Stone & Gravel's books and records are located in Michigan, the Trust is administered in Michigan and all its books and records, including those books and records related to Plaintiff, are located within the state; and John R. Concrete and John R. Sand & Gravel's principals, directors and officers reside in the state of Michigan, and the union members at issue reside in Michigan.  Given the legion of individuals and documentary evidence that reside in the state of Michigan, it would be extremely disruptive, difficult and expensive for Defendants to litigate this case in Chicago.

Plaintiffs' arguments notwithstanding, this Court's subpoena power will also not stretch to the Eastern District of Michigan.  *See, e.g.,* Fed. R. Civ. P. 45(c)(3)(B)(iii) (permitting a person to quash a subpoena who is not a party or a party's officer when they would incur substantial expense to travel 100 miles to attend trial).  Given the cost of travel, the parties will be hard pressed to ensure that many witnesses will be available for trial.

      **C.**      **The Interests of Justice Favor Transfer of the Case**.

If the case is transferred to the Eastern District, ultimately the case will be resolved in a more cost effective and efficient manner than it would be in the Northern District of Illinois.  Specifically, the time necessary for coordinating discovery, documentary evidence and witness

attendance at trial will be greatly reduced, enabling Defendants to run John R. Sand and wind down John R. Concrete with the least amount of disruption.

    **D.**    **Plaintiffs Attempts to Litigate Defendants' Liability Should be Ignored.**

Plaintiffs spend five pages arguing to the Court that Defendants have no defense to any of Plaintiffs' claims. Indeed, Plaintiffs claim that any defenses Defendants have were waived. While all of these arguments may be appropriate in a Motion for Summary Judgment, they are in appropriate in this context. Indeed, the fact that a party believes it may prevail on a dispositive motion is hardly grounds to forego the analysis required under 1404(a). To the contrary, Plaintiffs must establish that the case must proceed in this Court because it is the most convenient forum for the dispute.

**IV.**    **CONCLUSION**

Based on the foregoing, Defendants' Motion should be granted.

                                    Respectfully submitted:

                                    /s/Gavin J. Fleming
                                    Gavin J. Fleming (ARDC #06281396)
                                    Attorney for Defendants
                                    30665 Northwestern Highway, Suite 100
                                    Farmington Hills, Michigan 48334
                                    (248) 932-1101
                                    gfleming@bealshubbard.com

Dated: August 19, 2008

**CERTIFICATE OF SERVICE**

I hereby certify that on August 19, 2008, I electronically filed the DEFENDANTS' REPLY BRIEF IN SUPPORT OF THEIR MOTION TO TRANSFER THIS MATTER TO THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN, SOUTHERN DIVISION with the Clerk of the Court for the Northern District of Illinois using the ECF system which will send notification of such filing to the following registered participants of the ECF system as listed on the Court's Notice of Electronic Filing.

By: /s/ Leisanne Smeadala
Leisanne Smeadala
Legal Assistant
Beals Hubbard, PLC
30665 Northwestern Hwy., Ste. 100
Farmington Hills, MI 48334
(248) 932-1101
lsmeadala@bealshubbard.com

Dated: August 19, 2008